IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
(Heard in Nashville)

PATRICIA LOVE,                    ) FOR PUBLICATION
                                  ) Filed: June 1, 1998
        Plaintiff/Appellant,      )
                                  )
v.                                )
                                  ) Madison Circuit
AMERICAN OLEAN TILE COMPANY       )
and LIBERTY MUTUAL INSURANCE      ) Hon. Whit Lafon, Judge
COMPANY,                          )
                                  ) No. 02-S-01-9508-CV-00077
        Defendants/Appellees,     )
                                  )
AND                               )
                                  )
SUE ANN HEAD, DIRECTOR OF THE     )
DIVISION OF WORKERS'              )
COMPENSATION, STATE OF            )
TENNESSEE,                        )
                                  )
        Defendant/Appellee.       )

FILED

June 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

Lisa June Cox
Jackson

For the Appellees, American Olean
Tile Company and American Mutual
Insurance Company:

Lewis L. Cobb
Catherine B. Clayton
Jackson

For the Amicus Curiae,
Tennessee Trial Lawyers
Association:

J. Anthony Farmer
Knoxville

For the Appellee, Sue Ann Head,
Director of the Division of Workers'
Compensation:

John Knox Walkup
Attorney General and Reporter

Sue A. Sheldon
Assistant Attorney General

Sandra E. Keith
Assistant Attorney General

Dianne Stamey Dycus
Senior Counsel

**O P I N I O N**

JUDGMENT OF TRIAL COURT AND WORKERS'             DROWOTA, J.
COMPENSATION APPEALS PANEL REVERSED
IN PART AND AFFIRMED IN PART

In this workers' compensation action, the employee, Patricia Love, plaintiff-appellant, has appealed from a judgment of the Circuit Court of Madison County awarding her permanent total disability benefits to age 65 or until the payment of such benefits reached the maximum total benefit. The trial court apportioned the award 67.5 percent to the Second Injury Fund and 32.5 percent to the employer, American Olean Tile Company, and its insurer, Liberty Mutual Insurance Company, defendants-appellees. The Special Workers' Compensation Appeals Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 50-6-225(e)(5), affirmed the trial court. Thereafter, the employee filed a motion for full Court review of the Panel's decision. We granted the motion for review to determine (1) whether it was error not to have awarded benefits payable to age 65 notwithstanding the maximum total benefit, and (2) whether the apportionment between the employer and the Second Injury Fund was correct. After examining the record before us and considering the relevant authorities, we reverse the decision of the lower courts to subject the employee's award to the maximum total benefit. However, we affirm the apportionment of the award between the employer and the Second Injury Fund under Tenn. Code Ann. § 50-6-208(a).

The employee, Patricia Love, was 51 years old at the time of trial. She has an eleventh grade education. Her prior work experience consists of working as a housekeeper, nurse's aide, janitor, and performing production work and manual labor. She has worked for the defendant employer, American Olean Tile Company, for approximately seven years in various capacities, including janitorial and service work.

In February and March of 1993, the employee gradually developed work-related carpal tunnel syndrome in both of her arms. She also suffered a work-related low back strain. The employee had nonwork-related pre-existing kidney damage, back problems, and uncontrollable high blood pressure. Her physicians assigned

2

permanent anatomical impairment ratings of 18 to 23 percent to the body as a whole. The employee is unable to work because her back does not allow her to sit for long periods of time, lift, bend, stretch, or climb. Her hands and wrists are weak, swollen and painful. The parties do not dispute that she is permanently and totally disabled.

The trial judge found the employee to be permanently and totally disabled. Benefits were awarded to age 65 or until the payment of benefits reached the maximum total benefit, which in this case was $127,296. The trial judge further found that the employee's pre-existing disability was 67.5 percent, and that the disability from the February and March 1993 injuries (carpel tunnel in both arms and a low-back strain) was 32.5 percent. Thus, benefits were apportioned 67.5 percent to the Second Injury Fund and 32.5 percent to the employer under Tenn. Code Ann. § 50-6-208(a).

The Workers' Compensation Appeals Panel held that awards of permanent total disability made under Tenn. Code Ann. § 50-6-207(4)(A)(i) are subject to payment of the maximum total benefit.[1] Also, the Panel affirmed the trial court's apportionment of benefits under Tenn. Code Ann. § 50-6-208(a). Thereafter, the employee filed a motion for full Court review of the Panel's decision pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B). This Court granted the motion and entered an order transferring the case from Jackson to Nashville to be heard with the companion case of Bomely v. Mid-America Corp., d/b/a Burger King, ____ S.W. 2d ___ (Tenn. 1998) filed simultaneously with this opinion.

---

[1]Tenn. Code Ann. § 50-6-207(4)(A)(i) provides that compensation for permanent total disability "shall be paid during the period of such permanent total disability until the employee reaches the age of sixty-five (65). . . ."

3

The primary question presented is what effect, if any, does the maximum total benefit provision of Tenn. Code Ann. § 50-6-102(a)(6)[2] have on awards of permanent total disability made under Tenn. Code Ann. § 50-6-207(4)(A)(i), which makes benefits payable to age 65. We have recently decided this issue by concluding that awards of permanent total disability are payable to age 65 under Tenn. Code Ann. § 50-6-207(4)(A)(i), without regard to the monetary cap imposed by the 400 week maximum total benefit provision of Tenn. Code Ann. § 50-6-102(a)(6). See Bomely v. Mid-America Corp., d/b/a Burger King, ___ S.W.2d __ (Tenn. 1998)(Holder, J., dissenting on other grounds). Therefore, the decision of the lower courts in the present case to subject the employee's permanent total award to the 400 week maximum total benefit provision of Tenn. Code Ann. § 50-6-102(a)(6) is reversed. The award of benefits shall be paid until the employee reaches the age of 65 as required by Tenn. Code Ann. § 50-6-207(4)(A)(i).

The second issue is whether the award should be apportioned between the employer and the Second Injury Fund under Tenn. Code Ann. §§ 50-6-208(a)[3] or 208(b).[4] The trial court determined that the employee's pre-existing disability was

---

[2]Tenn. Code Ann. § 50-6-102(a)(6) provides that "maximum total benefit means the sum of all weekly benefits to which a worker may be entitled." The maximum total benefit for "injuries arising on or after July 1, 1992, shall be four hundred (400) weeks times the maximum weekly benefit except in instances of permanent total disability." Tenn. Code Ann. § 50-6-102(a)(6)(C). Tenn. Code Ann. § 50-6-207(4)(B) provides that in cases of permanent total disability, an employee is to be compensated as provided for in Tenn. Code Ann. § 50-6-207(4)(A) - to age sixty-five - "provided, that the total amount of compensation payable hereunder shall not exceed the maximum total benefit. . . ."

[3]Subsection (a)(1) of Tenn. Code Ann. § 50-6-208 provides in pertinent part: "If an employee has previously sustained a permanent physical disability from any cause or origin and becomes permanently and totally disabled through a subsequent injury, such employee shall be entitled to compensation from such employee's employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which such employee may be entitled . . . ."

[4]Subsection(b)(1)(A) of Tenn. Code Ann. § 50-6-208 provides: "In cases where the injured employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one

4

67.5 percent, and that the disability from the February and March 1993 injuries was 32.5 percent. The trial judge apportioned benefits on this basis - 67.5 percent to the Second Injury Fund and 32.5 percent to the employer. Although the trial court's order indicates that benefits were apportioned pursuant to Tenn. Code Ann. § 50-6-208(a) and (b), it is apparent that subsection (a) was applied.

The facts of this case satisfy the requirements of Tenn. Code Ann. § 50-6-208(a). The employee had sustained prior injuries from "any cause or origin" which caused permanent disability, the employer had notice of her preexisting conditions, and the employee subsequently became permanently and totally disabled as a result of the compensable injuries occurring in 1993. See Bomely, ___ S.W.2d at ___. Accordingly, the employer pays for the disability that resulted from the last injury which rendered the employee totally and permanently disabled without consideration of any prior injuries, which the trial court correctly found to be 32.5 percent. The Second Injury Fund is responsible for the remaining 67.5 percent of the award. Thus, the apportionment made by the trial court under subsection (a), and affirmed by the Panel, is correct. Subsection (b) of Tenn. Code Ann. § 50-6-208 does not apply because the employee did not have any prior awards for permanent disability to the body as a whole which, when coupled with the most recent award, equal or exceed 100 percent. See Bomely, ___ S.W.2d at ___.

For the foregoing reasons, the judgment of the trial court is reversed in part and affirmed in part, and the case is remanded for any further proceedings which may be necessary consistent with this Court's decision in Bomely, which held in part that the apportionment of awards between an employer and the Second Injury Fund shall be based on the total number of weeks to age 65, rather than limiting the employer's liability to the first 400 weeks of benefits. See Bomely, ___ S.W.2d at

---

hundred percent (100%) permanent disability to the body as a whole, after combining awards."

5

____ (Holder, J., dissenting).  Costs on appeal are taxed one-half to the employer and its insurer and one-half to the Second Injury Fund, for which execution may issue if necessary.

_____
Frank F. Drowota, III
Justice

**Concur:**

Anderson, C.J.;
Birch, J.

Holder, J. - Separate Concurring and Dissenting Opinion

Reid, J. not participating.

6