FILED

November 17, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:15 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Ronald Pool, | ) | Docket No.: 2015-06-0510 |
| **Employee,** | ) | |
| v. | ) | State File Number: 48782-2015 |
| Jarmon D&Q Transport, | ) | |
| **Employer,** | ) | Chief Judge Kenneth M. Switzer |
| And | ) | |
| Riverport Insurance Company | ) | |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Ronald Pool, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is whether Mr. Pool is entitled to additional medical benefits and temporary total disability benefits relative to an occupational disease he allegedly sustained while working for Jarmon D&Q Transport. The central legal issues are whether Mr. Pool introduced sufficient evidence for the Court to determine that he is likely to prevail at a hearing on the merits: 1) regarding the sufficiency of notice; and, 2) if his injury arose primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court finds that Jarmon's denial of Mr. Pool's claim was premature and he is entitled to an opinion on causation from the referral physician. However, Mr. Pool failed to satisfy his burden regarding his entitlement to temporary total disability benefits. Therefore, the Court denies his request at this time.[1]

## History of Claim

Mr. Pool is a forty-seven-year-old resident of Montgomery County, Tennessee. (T.R. 1 at 1.) He worked for Jarmon as a shuttle driver. *Id.* He testified that his employment began in July 2014. According to Mr. Pool, he began experiencing severe headaches and respiratory problems, including frequently recurring sinus infections, from

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

inhaling mold in the shuttle vehicles.

On February 11, 2015, providers at the Tennessee Department of Health in Clarksville diagnosed Mr. Pool with asthma. (Ex. 2 at 21.) He subsequently sought emergency care on April 25, 2015, at Gateway Medical Center, where Dr. Troy Harris diagnosed pneumonia. *Id.* at 48. Mr. Pool testified that this encounter led him to "start my own investigation in private" about his condition.

Mr. Pool gave verbal notice of the injury to his supervisor, Tim Hubree, on June 25, 2015. The First Report of Work Injury or Illness states, "EE came to the employer with mold samples that he got from the vans that is causing EE an allergic reaction to sinus area." (Ex. 4.) Mr. Pool confirmed in his testimony that he showed Mr. Hubree evidence of mold in petri trays. He testified that, before that date, he did not know "how to prove his case" because he was afraid of Jarmon's owner. In addition, Mr. Pool said in his recorded statement:

> Well, I, I had went to the doctor the, the day before, and, uh, you know, w [sic], I'm paying out of my own pocket for this stuff here, so . . . I, I didn't realize that it, you know, I just, I just looked up the stuff on the internet. I didn't know that I could claim Workman's Comp for, uh, sickness.

(Ex. 9 at 7.)

Jarmon offered a panel on June 25, 2015, from which Mr. Pool selected Premier Medical. (Ex. 5.) Mr. Pool saw Dr. Korivi Giriprasadarao on June 26, 2015, who assessed "allergic rhinitis" and "worker in work-related incident." (Ex. 1 at 3.) Dr. Giriprasadarao additionally made an "allergy & immunology referral." *Id.* at 3, 4. The referral form stated the diagnosis as, "[a]llergic rhinitis, cause unspecified." He returned Mr. Pool to work on that same day, but restricted him to "[a]void allergen exposure." *Id.* at 5. Mr. Pool conceded on cross-examination that no healthcare providers told him his condition is work-related or excused him from work regarding his alleged work injury.

Jarmon offered a panel of allergists on July 2, 2015, from which Mr. Pool chose Dr. John Overholt. (Ex. 6.) However, before he could see him, Jarmon denied the claim on July 7, 2015, stating the injury did not meet "TN definition of causation Section 50-6-301."[2] (Ex. 7 at 2.)

Mr. Pool filed a Petition for Benefit Determination seeking additional medical benefits and past and continuing temporary total disability benefits. (T.R. 1.) The parties

---

[2] Jarmon's position statement reiterates that Tennessee Code Annotated section 50-6-301 dictates the non-compensability of Mr. Pool's claim because Mr. Pool cannot show that a causal link exists between his work and the injury. (T.R. 2 at 2.) While this Court agrees that a definitive opinion on causation has yet to be rendered, it notes that the Workers' Compensation Reform Act of 2013 deleted section 50-6-301 in its entirety as of July 1, 2014.

did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 3.) Mr. Pool filed a Request for Expedited Hearing (T.R. 4.), and this Court heard the matter on November 10, 2015. Mr. Pool asserted that he sustained an occupational disease arising primarily out of and in the course and scope of employment with Jarmon. Jarmon countered that it properly denied Mr. Pool's claim because Mr. Pool failed to provide adequate notice of the injury and failed to prove a causal relationship between his condition and his work.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Notice*

Tennessee Code Annotated section 50-6-201(b)(1) (2014) provides in pertinent part:

> In those cases where the injuries occur as the result of gradual or cumulative events or trauma, then the injured employee or the injured employee's representative shall provide notice of the injury to the employer within thirty (30) days after the employee . . . *[k]nows or reasonably should know* that the employee has suffered a work-related injury[.]

(Emphasis added.)

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

The notice requirement contained in section 50-6-201 "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Jones v. Sterling Last Corp.*, 962 S.W.2d 469, 471 (Tenn. 1998); *Hosford v. Red Rover Preschool*, No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). Consequently, "the giving of statutory notice to the employer is an absolute prerequisite to the right of an employee to recover compensation under the workers' compensation law." *Bogus v. Manpower Temp. Serv.*, 823 S.W.2d 544, 546 (Tenn. 1992). When lack of notice is raised as a defense, the burden is on the employee to show that notice was given, the employer had actual notice, or the failure to give notice was reasonable under the circumstances. Tenn. Code Ann. § 50-6-201(a)(1) (2014); *Jones*, 962 S.W.2d at 472.

Mr. Pool alleged an occupational disease as a result of continued exposure to toxic mold. Mr. Pool credibly testified he did not notify Jarmon of his condition until he believed he had proof mold was present in the vans. The Court finds he acted reasonably in waiting until he possessed what he believed to be objective proof, beyond simply his own suspicion, that mold in the work vehicles made him sick. The Court further finds the timing of Mr. Pool's notice in no way inhibited Jarmon from timely investigating the facts while they were still readily accessible. Therefore, as a matter of law, Mr. Pool has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits regarding the sufficiency of notice.

*Medical Benefits*

The Workers' Compensation Law defines injuries, including occupational diseases, so that: "'Injury' and 'personal injury' mean an . . . occupational disease including diseases of the lung . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment[.]" Tenn. Code Ann. § 50-6-102(13) (2015). Further, "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2015).

"Arising out of employment" refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997); *Hosford*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20. An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, the element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496,498 (Tenn. 1992). The mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a hazard peculiar to the work or

4

be caused by a risk inherent in the nature of the work. *Blankenship,* 164 S. W.3d at 354. Accordingly, "an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment." *Jackson v. Clark & Fay, Inc.,* 270 S.W.2d 389, 390 (Tenn. 1954). Traditionally, a workers' compensation claimant had to establish by expert medical evidence the causal relationship between the alleged injury and the claimant's employment activity, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.,* 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672,676 (Tenn. 1991)).

Applying these principles, the court finds that this case is not obvious, simple and routine, and therefore medical proof of causation is necessary. The authorized provider, Dr. Giriprasadarao, assessed Mr. Pool as a "worker in *work-related* incident." This statement, after only one office visit, arguably, does not meet the preponderance of evidence standard. However, at this time, Mr. Pool need not meet that standard. Rather, he must come forward with sufficient evidence from which this Court may conclude that he is likely to prevail at a hearing on the merits regarding causation.

In *McCord,* the Workers' Compensation Appeals Board held in part:

[A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014).

*McCord, supra,* at *9-10. Further, this lower evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, *but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'"* *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015) (emphasis added).

Tennessee law requires an employer to provide, free of charge to the employee, such medical and surgical treatment made reasonably necessary by the accident. Tenn.

5

Code Ann. § 50-6-204(a)(1)(A) (2014). Mr. Pool has an injury. At this point, however, it is not entirely clear from a medical standpoint whether the work caused the injury. Mr. Pool has a right to a causation opinion to determine whether his injury is work-related. The Court, therefore, finds that Jarmon must provide Mr. Pool an additional medical evaluation for an opinion on medical causation. Mr. Pool testified that Dr. Giriprasadarao referred him to an allergist, and Mr. Pool selected Dr. Overholt from a panel provided by Jarmon. The causation opinion shall come from Dr. Overholt, or, in the event he is unwilling to provide such an opinion, from another physician selected by Mr. Pool from a panel of allergists provided by Jarmon. If medical causation is established, Jarmon shall provide continuing, reasonable and necessary care with Dr. Overholt or the panel physician.

*Temporary Total Disability Benefits*

To establish entitlement to temporary total disability benefits as contemplated in Tennessee Code Annotated section 50-6-207(1) (2015), an employee must show that (1) he or she was totally disabled from work as a result of a compensable injury; (2) that a causal connection exists between the injury and the employee's inability to work; and (3) the duration of the period of the employee's disability. *Gray v. Cullom Mack, Tool & Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Jewell v. Cobble Construction and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015).

Dr. Giriprasadarao returned Mr. Pool to work on June 26, 2015, but restricted him to "[a]void allergen exposure." Mr. Pool conceded on cross-examination that no healthcare providers excused him from work regarding his injury. Therefore, Mr. Pool has not come forward with sufficient evidence to show he is likely to prevail at a hearing on the merits regarding temporary total disability. Further, as previously noted, Mr. Pool has not yet established causation. Therefore, at this time, the Court denies Mr. Pool's request for temporary total disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Jarmon or its workers' compensation carrier shall authorize medical treatment by Dr. John Overholt for Mr. Pool's injuries as required by Tennessee Code Annotated section 50-6-204 (2014). Dr. Overholt shall render an opinion on whether Mr. Pool's condition is work-related. In the event Dr. Overholt is unwilling to provide such an opinion, another physician, selected by Mr. Pool from a panel of allergists provided by Jarmon, shall render a causation opinion. If medical causation is established, Jarmon shall provide continuing, reasonable and necessary care with Dr. Overholt or the panel physician. Mr. Pool shall furnish medical bills relative to the authorized provider's treatment to Jarmon or its workers' compensation carrier.

2. Mr. Pool's request for temporary disability benefits is denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on January 6, 2016, at 9:30 a.m.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 17th day of November, 2015.**

Kenneth M. Switzer, Chief Judge
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

7

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a

8

statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Authorized Provider Medical Records of Ronald Pool: Premier Medical Group
2. Unauthorized Medical Records: Tennessee Department of Health, Gateway Medical Center, Premier Imaging
3. Affidavit of Ronald Pool, October 5, 2015
4. First Report of Work Injury/Illness Form, June 25, 2015
5. Form C-42, Choice of Physician Form, June 25, 2015
6. Form C-42, Choice of Physician Form, July 2, 2015
7. Denial letter from carrier to Mr. Pool, and Form C-23, Notice of Denial of Claim, July 7, 2015
8. Form C-41, Wage Statement, August 3, 2015
9. Recorded statement transcript
10. Paycheck stubs (3 pages)
11. Revised Form C-41, Wage Statement, late-filed

Technical record:[4]
1. Petition for Benefit Determination, July 14, 2015
2. Employer's position statement, September 1, 2015
3. Dispute Certification Notice, September 3, 2015 (Incorporates a DCN in which Jarmon added several additional issues for adjudication)
4. Request for Expedited Hearing, October 5, 2015
5. Employee's position statement, October 22, 2015

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 17th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Ronald Pool, Self-represented | X | | X | ronaldleepool@aol.com |
| Duane Willis, Employer's Counsel | | | X | dwillis@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov