FILED

April 27, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:41 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Lloyd Wade, ) | Docket No. 2015-06-0970 |
| Employee, ) | |
| v. ) | State File No. 91748-2015 |
| AAA Cooper Transportation, ) | |
| Employer, Self-insured. ) | Chief Judge Kenneth M. Switzer |
| ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

This case came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Lloyd Wade, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the timeliness of the notice of injury and whether Mr. Wade sustained an injury arising primarily out of and in the course and scope of employment with AAA Cooper. For the reasons set forth below, the Court finds Mr. Wade provided timely notice, but has not satisfied his burden at this interlocutory stage to show the injury is work-related. Therefore, he is not entitled to the requested relief.[1]

### History of Claim

Mr. Wade is a fifty-nine-year-old resident of Davidson County, Tennessee. He worked at AAA Cooper and its predecessor as a truck driver for approximately fifteen years. He served in the United States Marine Corps from 1976 until his honorable discharge in 1996. Mr. Wade suffered a work-related back injury on October 7, 2005 (Ex. 5), which resolved.

Mr. Wade testified that on May 11, 2015, at approximately 1:30 a.m., he injured his back when attempting to maneuver heavy office equipment and supplies through a narrow doorway. According to his affidavit (Ex. 2), Mr. Wade returned to his workplace and reported his injury to his supervisor, Rick Daniel. Mr. Daniel acted unconcerned and took no steps to provide medical attention. Mr. Wade continued to work over the next

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

few weeks, despite worsening pain, which he attempted to alleviate with over-the-counter medications and stretching exercises. Co-workers helped him load his truck, but he continued to deliver and move equipment on his own. The pain eventually intensified to the point where he experienced difficulty with tasks of daily living.

The only medical records admitted into evidence at the expedited hearing appear incomplete[2] and consist of ten pages documenting care at the Department of Veterans Affairs Tennessee Valley Healthcare System. *See generally* Ex. 1. A "Medication Reconciliation" dated May 1, 2015 – prior to the alleged date of injury – lists various conditions including "back pain." It also indicates Mr. Wade received a steroid injection and underwent x-rays on that date.

On May 16, 2015, he saw his primary care provider, Lori Emery, FNP. He offered no notes from this examination into evidence, although the records contain an MRI report bearing that date and listing Ms. Emery as the referral source. The "impression" portion of the MRI report listed several lumbar issues. Providers at the VA memorialized the MRI results in a letter to Mr. Wade sent on or about May 19, 2016, informing him of a "slipped disc" and that the MRI revealed arthritis in several vertebrae.

A progress note dated June 12, 2016, under "review of symptoms" reads, "States he is in severe back pain, for the past few months." It is unclear due to missing pages whether Ms. Emery is the author of that note. She wrote a letter the same day stating that Mr. Wade "is having an exacerbation of back pain and is in excruciating pain. He is unable to drive a trucik [sic] for now." The VA records contain no mention of a workplace incident, and the letter on June 12, 2015, is the first mention of work restrictions.

According to Mr. Wade, he presented the letter to Mr. Daniel, who told him he "could not accept that." Thus on June 16, 2015, Mr. Wade completed a Family Medical Leave Act (FMLA) "Leave of Absence Request." Ex. 7. He testified he completed FMLA absence request when Mr. Daniel told him he "needed to fill out some paperwork" because the June 12, 2015 letter from the VA restricted him from working.

Mr. Wade returned to work to take a "Driver Fitness" test on June 29, 2015. The report documenting the results (Ex. 6) lists a "health history," under which a box is checked indicating he suffers from "chronic low back pain." Mr. Wade explained the physician checked the box, but acknowledged he signed the form certifying it to be true and accurate, so he could, in his opinion, keep his job.

Mr. Wade completed a second "Leave of Absence Request" on June 30, 2015, and a "Supplemental Leave Request" on September 24, 2015. The September form lists

---

[2] The pages are numbered with several pages missing.

options for "reason for leave," including "work-related injury or illness." On Mr. Wade's form, the box checked reads: "my own serious health condition." (Underlining in original.) Mr. Wade testified at the hearing that Mr. Daniel assisted him in completing the FMLA leave requests and, though he did not check that option, he acknowledged signing the forms.

Mr. Daniel did not appear at the expedited hearing. According to Mr. Daniel's affidavit (Ex. 3), at no time during the FMLA process did Mr. Wade report a work-related injury. Moreover, he never reported a June 2015 back injury to anyone at AAA Cooper during his employment. Instead, Mr. Daniel stated in his affidavit:

> Though I cannot recall the specific date, a few months prior to June 2015, Mr. Wade told me that he was having back pain. At that time, I asked him if he had sustained a work injury and needed treated. [sic] Mr. Wade responded that he had not had a work injury and declined treatment. He informed me that he was treating at the VA for back pain. Mr. Wade did not tell me about a specific incident, work-related or otherwise, that caused his back pain, other than he had previously hurt his back while in the Marine Corps.

Mr. Wade acknowledged discussing his military service at work, but denied hurting his back while in the Marines. He further denied hurting his back in any previous employment.

Mr. Wade's FMLA leave expired in November 2015, after which AAA Cooper terminated him for failing to return to work. He has been unable to work since that time. Mr. Wade continues treating at the VA for back pain.

Mr. Wade filed his Petition for Benefit Determination on November 16, 2015. He did not complete the "date of injury" section on the form. The First Report of Injury (Ex. 4) lists the date of injury as June 12, 2015, but the form is undated and does not indicate who prepared it. Mr. Wade explained June 12, 2015, was the date he gave AAA Cooper the letter from Ms. Emery, but the injury actually occurred on May 11, 2015.

After the parties failed to reach an agreement at mediation, the mediating specialist filed a Dispute Certification Notice indicating that Mr. Wade seeks a panel of physicians, reimbursement for past medical expenses and past temporary disability benefits. Mr. Wade filed a Request for Expedited Hearing, and the Court heard the matter on April 21, 2016.

At the expedited hearing, Mr. Wade asserted he sustained an injury by accident arising primarily out of and in the course and scope of employment when he hurt his back while delivering heavy office furniture and supplies for AAA Cooper. He additionally

argued he reported the injury to Mr. Daniel, but Mr. Daniel failed to offer medical care. AAA Cooper countered that Mr. Wade is not entitled to workers' compensation benefits because he did not satisfy his burden under *McCall*[3] to show he sustained an injury by accident arising primarily out of and in the course and scope of employment. Further, AAA Cooper contended Mr. Wade failed to give timely notice of his injuries.

## Findings of Fact and Conclusions of Law

In order to grant or deny Mr. Wade's requested relief, the Court must apply the following legal principles. Mr. Wade bears the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, he need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at this expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Mr. Wade has the burden to come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

### Notice

The requirement that an employee provide proper notice is a prerequisite to recovery of benefits. Therefore, the Court will address the issue first. Here, AAA Cooper asserted Mr. Wade failed to give adequate notice of an alleged injury. Tennessee Code Annotated section 50-6-201 (2015) provides in pertinent part:

(a)(1) Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident. No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for

---

[3] Counsel for AAA Cooper referred to controlling case law as *McCall [v. Nat'l Health Care Corp.]*, 100 S.W.3d 209 (Tenn. 2003)]. As noted *infra*, the more recent authority is *McCord v. Advantage Human Resourcing,* where the Tennessee Workers' Compensation Appeals Board cited *McCall* and characterized the standard of proof adopted by the general assembly under the Reform Act of 2013 as "distinctly similar" to that announced in *McCall. McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

compensation may be presented.

In *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014), the Appeals Board explained:

> The notice requirement contained in section 50-6-201 "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Jones v. Sterling Last Corp.,* 962 S.W.2d 469, 471 (Tenn. 1998). Consequently, "the giving of statutory notice to the employer is an absolute prerequisite to the right of an employee to recover compensation under the workers' compensation law." *Bogus v. Manpower Temp. Serv.,* 823 S.W.2d 544, 546 (Tenn. 1992). When lack of notice is raised as a defense, the burden is on the employee to show that notice was given, the employer had actual notice, or the failure to give notice was reasonable under the circumstances. Tenn. Code Ann. § 50-6-201(a)(1) (2014); *Jones,* 962 S.W.2d at 472.

Applying these principles, the Court finds Mr. Wade provided AAA Cooper adequate notice of his injury. This Court had the opportunity to observe Mr. Wade testify. To the Court, Mr. Wade appeared forthcoming, reasonable and honest during his testimony. These characteristics, according to the Tennessee Supreme Court, are indicia of reliability. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014). Weighed against Mr. Daniel's affidavit, the Court finds Mr. Wade's live testimony and affidavit more credible.

However, our Appeals Board rejected the assertion that "mere notice of an alleged workplace accident, in and of itself, is sufficient to trigger an employer's duty to provide medical benefits[.]" *McCord,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6 at *10, 13. Instead, the Board explained the statute and rules contemplate that an employer has an initial period of time following receipt of notice of a work accident to investigate the claim and make a preliminary determination on compensability.[4] *Id.* at *12. The Board

---

[4] *McCord* referenced the Tennessee Compilation Rules and Regulations Chapter 0800-2-14, "Claims Handling Standards," which outline the steps employers/carriers must take to investigate a claim upon receipt of verbal or written notice of an alleged workplace injury from an employee. Notably, the rules require employers/insurers to make a decision on compensability within fifteen days of verbal or written notice of accident. Tenn. Comp. R. & Regs. 0800-2-14(7) (2015). In addition, "[a]ll pertinent documents of the [Bureau] of Workers' Compensation shall be filed within fifteen (15) days of verbal or written notice of accident." *Id.* In this matter, the file contains no notice of denial, and AAA Cooper introduced a wage statement (Ex. 9) into evidence at the expedited hearing, well past the fifteen-day timeframe for investigation. The "Claims Handling Standards" further provide that, "In addition to other penalties provided by applicable law and regulation, violations of any of the above rules shall be subject to enforcement by Commissioner of the Tennessee Department of Labor pursuant to TCA § 50-6-419(c)." Tenn. Comp R. & Regs. 0800-2-14-.08(1) (2015). Upon its issuance, a copy of this Order will be provided to the Penalty Program in accordance with Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015). ("In addition to referrals made by a workers' compensation judge, any [Bureau] employee may refer any person or entity to the penalty program for the

reasoned, "An inflexible approach mandating that an employer provide medical benefits as a matter of course ignores the fact that every case is different and should be evaluated on its own merits. *Id.* Further, "the statute limits an employer's duty to provide medical benefits to cases where the employee has sustained an injury by accident as defined in the statute." *Id.* at *11.

*Causation*

Turning now to the central issue of the case – whether Mr. Wade sustained an injury arising primarily out of and in the course and scope of his employment – the starting point of analysis is the statute itself. The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Further, an injury is "accidental":

> [O]nly if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment.

Tenn. Code Ann. § 50-6-102(14)(A) (2015).

The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys.*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005). By contrast, arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, an injury arises out of employment when it "has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992).

---

assessment of a civil penalty whenever the referring employee believes that there may have been a violation of the [Bureau's] rules or the Tennessee Workers' Compensation Act."). The Court reasonably believes there was a violation of the Bureau's rules.

6

In addition, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2015) (Internal quotation omitted). Thus, causation must be established by expert medical testimony, and an employee's lay testimony, without corroborative expert testimony, does not constitute adequate evidence of medical causation. *Scott,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24 at *12.

The Court finds Mr. Wade's testimony sufficient to prove he suffered an injury in the course of employment with AAA Cooper. Mr. Wade's credible, unrefuted testimony is that he hurt his low back while moving heavy office furniture and supplies through a narrow doorway at work for AAA Cooper.

Had Mr. Wade received no medical care, this Court would be inclined to order AAA Cooper to provide a panel upon the Court finding he satisfied his burden to show that an incident took place at work resulting in injury. At an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence, but rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid, et al,* No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). However, in the present case there is sufficient medical proof before the Court, and based on that proof, the Court cannot conclude Mr. Wade's injury is causally related to his work.

First, the medical records indicate in a note dated May 1, 2016, that Mr. Wade reported back pain and received an injection prior to the alleged date of injury. Nowhere in the records admitted into evidence did a provider indicate that Mr. Wade hurt his back at work. Mr. Wade testified he continues to treat at the VA, but introduced no records other than the May 1 through June 12, 2015 records. The Court suspects the additional records, predating and after that timeframe, would likely shed additional light on causation. It is possible he suffers from a preexisting condition that the May 11, 2015 accident aggravated. But the records do not state that, and this Court cannot award benefits on the basis of possibility or speculation alone.

Second, the FMLA documents and in particular the September 24, 2014 leave request do not request leave for a work-related injury. Rather, the option directly below it – "my own serious health condition" – is checked. Mr. Wade acknowledged signing this document.

7

*****SUPPLEMENTAL LEAVE*****

LEAVE OF ABSENCE REQUEST FORM

Name Lloyd Wade     Hire Date 7/19/2004

Employee ID# 6692     Location NAS-UNT

Status: ✓ Regular _____ Pre-regular _____ Part-time

I request permission to take days off from work: 9/8/15 (date) through _____ (date)
OR

to be absent on an intermittent or reduced schedule: _____ (date) through _____ (date)

for the reason(s) checked below:
NOTE: If the leave request is for medical reasons, you must have your health care provider complete the appropriate certification. Completion of certification forms for other types of leave may also be required. Please contact the Human Development and Risk Management Department for specific requirements.

REASON FOR LEAVE: I am requesting leave for the following reason(s):

_____ Work-related injury or illness;

_____ Date of Injury: _____    Date injury first reported: _____

✓ My own serious health condition, including pregnancy, which makes me unable to perform the functions of my job (a "serious health condition" typically is an illness, injury, impairment or physical or mental condition that involves inpatient care or continuing treatment by a healthcare provider):

Likewise, the "Driver Fitness" form includes a checked box for "chronic low back pain." Mr. Wade credibly testified the physician checked the box but, again, he conceded signing it.



Counsel for AAA Cooper expressed sympathy for Mr. Wade's pain and frustration. This Court echoes those sentiments. Nonetheless, the Court finds Mr. Wade has failed to come forward with sufficient evidence at this time to show he is likely to prevail at a hearing on the merits on the issue of whether his injury arose primarily out of and in the course and scope of his employment. Therefore, the Court must deny Mr. Wade's requested benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Wade's requests for temporary disability benefits, additional medical care and reimbursement of medical expenses are denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on June 13, 2016, at 8:45 a.m.

   **ENTERED this the 26th day of April, 2016.**

   Kenneth M. Switzer, Chief Judge
   **Court of Workers' Compensation Claims**


Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**


Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

9

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Medical Records of Lloyd Wade
2. Affidavit of Lloyd Wade
3. Affidavit of Rick Daniel
4. First Report of Injury, July 7, 2015
5. AAA Cooper Transportation Driver Scorecard
6. Medical Examination Report for Commercial Driver Fitness Determination, June 29, 2015
7. Leave of Absence Requests, June 16, 2016, June 30, 2015, September 24, 2015
8. AAA Cooper Letter to Mr. Wade, August 27, 2015
9. Wage statement, February 2, 2016

Technical Record:
1. Petition for Benefit Determination, November 16, 2015
2. Dispute Certification Notice, January 4, 2016
3. Request for Expedited Hearing, January 12, 2016
4. Employer position statement, January 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Lloyd Wade, self-represented | X | | | 2745 Parkdale Dr., Nashville TN 37217 |
| Heather Douglas, Employer's attorney | | | X | hdouglas@manierherod.com |
| Compliance (Penalty Division) | | | X | WCCompliance.Program@ tn.gov |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**