

**FILED**

**November 9, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:17 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Douglas A. Buckner | ) | Docket No.   2016-01-0303 |
| | ) | |
| v. | ) | State File No. 70600-2015 |
| | ) | |
| Eaton Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Reversed and Remanded - Filed November 9, 2016

---

In this interlocutory appeal, the employer challenges the trial court's determination that the employee's failure to provide timely notice of his work-related injury should be excused. Following an expedited hearing, the trial court found that the employee had not given timely notice of his acute back injury but had provided a valid excuse for that failure, namely, that he was unaware of the full nature and extent of the injury. The trial court then ordered medical and temporary disability benefits. The employer has appealed, arguing that (1) the employee's failure to provide timely notice should not be excused, (2) the medical evidence was insufficient to award benefits, and (3) the trial court incorrectly calculated the employee's average weekly wage. We hold that the trial court erred in concluding the employee's excuse for failing to provide timely notice was reasonable. Accordingly, the award of benefits is reversed and the case is remanded for further proceedings consistent with this opinion.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

M. Reed Martz, Oxford, Mississippi, for the employer-appellant, Eaton Corporation

Matthew G. Coleman, Cleveland, Tennessee, for the employee-appellee, Douglas Buckner

1

**Factual and Procedural Background**

Douglas Buckner ("Employee"), a press operator, alleges suffering an injury to his low back while performing his work duties for Eaton Corporation ("Employer") on July 20, 2015. Employee, who worked second shift at Employer's plant, testified that at approximately 9:00 p.m. on July 20, 2015, he and a co-worker were performing a two-person job when he lifted a forty-pound part and placed it on his machine. Certain gauges on the machine were stuck, so Employee then had to lean and push on the gauges with both hands to move them into the correct position. While performing this task, Employee felt a "pinch" in his low back and experienced pain. He testified, "I hurt my back that night."

When Employee's shift ended a few hours later, he went home and slept. When he awoke around noon, he felt pain in the same location that he felt the "pinch" the night before. He was unable to stand and had to call a neighbor for assistance. Employee reported experiencing no problems with his back prior to the work incident hours earlier.

On July 21, 2015, Employee reported for his scheduled shift but was in pain, was "bent over," and was only able to take "baby steps." He told his supervisor, Tony Edwards, that he had hurt himself "last night." When Mr. Edwards asked him how he had injured himself, Employee replied that he did not know. Employee had a subsequent conversation with Employer's human resources representative, Kandace Hansen. Employee informed her that he woke up in pain, was unable to walk, and was unsure how he had injured himself or whether it had occurred at work. Employee informed Ms. Hansen that he was in pain and wanted to go home, which he did. According to Employee, he essentially laid on his couch for the next two weeks and did not work due to the condition of his back. Employee acknowledged that when Mr. Edwards and Ms. Hansen asked him whether he injured himself at work and how the injury happened, he replied he "wasn't sure" and was "vague" in his responses. In fact, Employee testified that he "didn't report anything prior to September 2nd."

Employee sought medical care on his own and eventually came under the care of Dr. Scott Hodges, an orthopedic surgeon, who performed surgery for a herniated disc in Employee's back. He placed Employee at maximum medical improvement on December 31, 2015 and assigned an 8% permanent impairment rating. Employee has since returned to work for Employer.

After conducting an expedited hearing, the trial court concluded that Employee had failed to provide timely notice of his injury but that such failure was excused because he did not "immediately know the full nature and seriousness" of the injury. The trial court then awarded medical and temporary disability benefits. Employer has appealed, asserting as error the trial court's conclusion that Employee had a reasonable excuse for his failure to provide timely notice as required by Tennessee Code Annotated section 50-

6-201. Employer also contends that the medical proof was insufficient to award benefits and that the trial court incorrectly calculated Employee's average weekly wage.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer raises three issues on appeal: (1) whether the trial court erred in finding that Employee offered a reasonable excuse for failing to provide timely notice of his injury within the meaning of Tennessee Code Annotated section 50-6-201, (2) whether the medical proof was sufficient to award benefits, and (3) whether the trial court erred in calculating Employee's average weekly wage. Our resolution of the notice issue is dispositive of the appeal, pretermitting our consideration of the two remaining issues.

The Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2015). The statute additionally provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal* to which the claim for compensation may be presented."[1] *Id.* (emphasis added). The notice must convey "in plain and simple language the time, place,

---

[1] The legislature has reduced the time to give notice from thirty days to fifteen days for injuries that occur on or after July 1, 2016.

3

nature, and cause of the accident resulting in injury." Tenn. Code Ann. § 50-6-201(a)(2). The notice requirement contained in section 50-6-201 "exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Jones v. Sterling Last Corp.*, 962 S.W.2d 469, 471 (Tenn. 1998).

Here, the trial court correctly ruled that Employee failed to give notice of his work injury within the thirty days prescribed by section 50-6-201(a)(1), finding that his various conversations with Employer's representatives were too vague or uncertain to adequately put Employer on notice that he sustained a work-related injury. The trial court explained that Employee repeatedly informed Employer that he did not know how he hurt his back and that merely telling his supervisor that he got hurt "last night" was insufficient.

However, the trial court also determined Employee had provided a reasonable excuse for his failure to give timely notice and, therefore, an award of benefits was not barred by section 50-6-201(a)(1). Specifically, the trial court found Employee did not know that his back pain was related to his work for Employer and that he "did not immediately know the full nature and seriousness of his injury." In making this determination, the trial court relied upon *Maples v. Federal-Mogul Corp.*, No. 2015-04-0039, 2016 TN Wrk. Comp. App. Bd. LEXIS 8 (Tenn. Workers' Comp. App. Bd. Feb. 17, 2016), where we held that an employee's failure to give timely notice was excused because the employee was unaware that her gradually occurring injury arose primarily out of her employment. *Id.* at *23-24. In fact, the employee in *Maples* had been told by a physician that her condition was not causally related to her employment. *Id.* at *23.

Unlike in the present case, a significant factor in the resolution of *Maples* was the gradual nature of the employee's injury. The trial court in the present case observed that section 50-6-201(a)(1) does not distinguish between acute injuries, such as the one with which we are faced here, and injuries resulting from cumulative trauma. While it is true that section 50-6-201(a) makes no such distinction, section 50-6-201(b) *does* specifically address notice in gradual or cumulative trauma cases. That subsection provides:

> *In those cases where the injuries occur as the result of gradual or cumulative events or trauma*, then the injured employee or the injured employee's representative shall provide notice of the injury to the employer within thirty (30) days after the employee:
>
> > (1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or
> >
> > (2) Is rendered unable to continue to perform the employee's normal work activities as the result of the work-related

4

> injury and the employee knows or reasonably should know that the injury was caused by work-related activities.

Tenn. Code Ann. § 50-6-201(b) (emphasis added). Given that the employee in *Maples* was alleging a gradually occurring injury, her notice obligation was controlled by section 50-6-201(b). The employee in the present case alleges suffering an acute injury, not a gradually occurring one, and thus *Maples* is not controlling.

Moreover, we note that an "employer's knowledge of the fact that an employee became ill while at work does not necessarily of itself charge the employer with notice that such illness constituted or resulted in a compensable injury." *Smith v. Tenn. Furniture Indus., Inc.*, 369 S.W.2d 721, 731 (Tenn. 1963). At the same time, it is well-settled that an injured worker's claim is not barred by the failure to notify his or her employer of the extent of the injury when giving notice, as "[t]he nature and extent of the employee's injuries, and the issue of medical causation, usually come to light in the course of treatment of the employee's injuries." *Quaker Oats Co. v. Smith*, 574 S.W.2d 45, 48 (Tenn. 1978). Nevertheless, the inability of an injured worker to notify his or her employer of the exact nature or extent of an injury does not relieve the worker of the obligation to inform the employer of the accident resulting in that injury, especially when the accident was a single, sudden event. Excusing untimely notice for an acute work injury until the employee knows the full extent of the nature or seriousness of the injury, exact diagnosis, or treatment plan would, in many cases, completely frustrate the purpose of the notice statute.

Returning to the facts of this case, it is clear that Employee, who testified he never had problems with his back prior to the incident for which he claims benefits, felt a pinch and pain at a specific time and place performing a specific task at work, i.e., leaning over and pushing hard against gauges that were stuck on his machine after lifting a heavy object. Employee testified, "I hurt my back that night." Within hours, he had difficulty standing, had to summon a neighbor because he could not function on his own, could not work, and had to rest on his couch the next two weeks. This is not a case where symptoms developed gradually over time or were not immediately apparent. To the contrary, Employee was immediately aware he hurt his back at work and shortly thereafter was unable to function without assistance and unable to work for approximately two weeks. Based on these facts, we conclude that Employee's excuse for failing to provide timely notice of his work injury was not "reasonable," the standard mandated by the legislature in section 50-6-201(a)(1).[2]

---

[2] "Reasonable" has been defined as "fair, proper, or moderate under the circumstances; sensible." <u>Black's Law Dictionary</u> (10th ed. 2014).

5

However, the inquiry does not end there. Tennessee Code Annotated section 50-6-201(a)(3) provides that the failure to give timely notice of a work-related injury will not bar compensation "unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." Whether Employer suffered prejudice as a result of Employee's failure to give timely notice and, if so, "the extent of the prejudice," was not addressed in the trial court, and it is not our place to address such issues in the first instance on appeal. *See Fritts v. Anderson Cty. Election Comm'n*, No. E2003-00015-COA-R3-CV, 2003 Tenn. App. LEXIS 564, at *8 (Tenn. Ct. App. Aug. 11, 2003) ("It is inappropriate for this Court to assume the role of original fact finder, even if the factual record appeared complete.").

Therefore, we remand the case to the trial court for further proceedings regarding whether Employer suffered prejudice as a result of Employee's failure to provide timely notice and, if so, how benefits should be impacted "to the extent of the prejudice" as contemplated by section 50-6-201(a)(3). Also, while we express no opinion on the issue because it is pretermitted, the trial court may consider Employer's contention that it incorrectly calculated Employee's average weekly wage.[3]

### Conclusion

For the foregoing reasons, we hold that the evidence preponderates against the trial court's determination that Employee presented a reasonable excuse for his failure to provide notice within the time required by section 50-6-201. Accordingly, the trial court's award of benefits is reversed, and the case is remanded for additional proceedings consistent with this opinion.

---

[3] Employee's brief on appeal addresses this issue in one sentence: "The employee abides by the calculations of the Department with regard to the AWW."



**FILED**

**November 9, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:17 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Douglas A. Buckner | ) | Docket No.    2016-01-0303 |
| | ) | |
| v. | ) | State File No.  70600-2015 |
| | ) | |
| Eaton Corp., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Matthew G. Coleman | | | | | X | mcoleman@loganthompsonlaw.com |
| M. Reed Martz | | | | | X | reed@freelandmartz.com |
| Thomas Wyatt,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov