## IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

FRANKLIN JONES,_____   ) **FOR PUBLICATION**
            ) **Filed: February 17, 1998**
  Plaintiff/Appellant,   )
            ) CHESTER CHANCERY
            )
            )
v.           ) Hon. Joe C. Morris,
            ) Chancellor.
            )
STERLING LAST CORPORATION ) No. 02S01-9606-CH-00057
d/b/a QUALITY MANUFACTURING )
COMPANY and ST. PAUL FIRE AND )
MARINE INSURANCE COMPANY, )
            )
  Defendants/Appellees.  )

**FILED**

**February 17, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

For the Appellant:

Othal Smith, Jr.
College Grove, Tennessee

For the Appellees:

Steven W. Maroney
Greg A. Petrinjak
Waldrop & Hall
Jackson, Tennessee

O P I N I O N

JUDGMENT OF TRIAL COURT       DROWOTA, J.
AFFIRMED

In this workers' compensation action, the employee, Franklin Jones, plaintiff-appellant, has appealed from a judgment of the Chancery Court of Chester County dismissing his claim for workers' compensation benefits against the employer, Sterling Last Corporation d/b/a Quality Manufacturing Co., defendant-appellee. The trial court found that the employee failed to give timely notice of his injury to the employer, failed to timely file suit, and had not suffered any permanent disability as a result of a work-related accident. The Special Workers' Compensation Appeals Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 50-6-225(e)(5), reversed the trial court's dismissal and awarded benefits to the employee based upon 20 percent vocational disability. Thereafter, the employer filed a motion for full Court review of the Panel's decision. We granted the motion for review to consider whether the trial court erred in dismissing the employee's claim for benefits due to his failure to provide timely notice of his injury to the employer as required by Tenn. Code Ann. § 50-6-201.[1] After carefully examining the record before us and considering the relevant authorities, we affirm the trial court's judgment.

The plaintiff, Franklin Jones, was 62 years old at the time of trial and had graduated from the Chester County Training School. His employment history consists of farming and working as a plumber's assistant. He began working for the defendant in 1965 as a machine operator, a position that required considerable stooping, turning and twisting. The employee continued to work for the defendant until his termination on July 24, 1992.

On October 23, 1992, the employee commenced this action seeking workers' compensation benefits for a back injury that occurred "prior to June 9, 1992." The complaint alleges that the injury was caused by continued bending, twisting, and standing on concrete at the employer's plant. The employee testified to injuring his

---

[1]This case also involves issues concerning the statute of limitations and whether the employee suffered permanent disability as a result of a work-related injury. In light of our resolution of the notice question, it is unnecessary for us to address these additional issues.

back on two occasions at work, once in 1991 when he tried to catch a falling rack and again in June, 1992 when he fell. Neither of these injuries are the subject of this suit. The condition about which the employee now complains is a gradually occurring back injury, which he says began prior to June 9, 1992.

The proof regarding notice of the employee's injury is at best unclear and contradictory. At trial, the employee testified that he never told his employer that he had a work-related injury. He also testified that he did not know that his back condition was work-related until May, 1993, when he was told by a physician that his back problem was work-related. (This was seven months after he filed his complaint seeking workers' compensation benefits.) Oddly, however, the complaint itself alleges that the employee gave notice of the injury to the employer on or about June 10, 1992. Apparently, the basis for this allegation was a letter dated June 9, 1992, from the employee's physician, Dr. Robert Winston, to the employer. This letter stated that "[Franklin Jones] is currently under my care. Due to the status of his medical condition it is my professional opinion that Mr. Jones be seated while performing his duties." The employer did not honor the employee's request to sit while performing his job because of safety considerations. The employee subsequently obtained a second letter from Dr. Winston and gave it to the employer. This second letter, dated July 14, 1992, stated that "[Franklin Jones] is presently under my care. Due to his back condition Mr. Jones will require a stool for sitting while performing his duties." The employer again did not honor the employee's request to sit while working based on safety considerations.

On July 24, 1992, the employer terminated the employee. The reason for the termination of employment was stated on a written separation notice as "unable to meet job requirements." The instant suit was filed three months later on October 23, 1992.

3

After hearing all the proof, the chancellor determined that the employee failed to provide timely notice of his injury to the employer as required by Tenn. Code Ann. § 50-6-201. The chancellor also found that the suit was barred by the statute of limitations and that the employee had not suffered permanent disability as a result of a work-related injury. Accordingly, the chancellor dismissed the suit.

The Special Workers' Compensation Appeals Panel reversed the trial court's dismissal. On the question of notice, the Panel opined that the employer had actual knowledge of the employee's injury because of the letters written by Dr. Winston, which the employer received. The Panel awarded the employee benefits based upon 20 percent vocational disability. Thereafter, the employer filed and we granted a motion for full Court review. The issue dispositive of the appeal is whether the employee provided timely notice of his injury to the employer as required by Tenn. Code Ann. § 50-6-201. We hold that he did not. Accordingly, we now reject the Panel's findings of fact and conclusions of law and affirm the judgment of the trial court.

In workers' compensation cases, the scope of review in this Court on issues of fact is de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2); Spencer v. Towson Moving and Storage, 922 S.W.2d 508, 509 (Tenn. 1996). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded the trial court's factual findings. Humphrey v. David Witherspoon, Inc., 734 S.W.2d 315 (Tenn. 1987).

The controlling statute, Tenn. Code Ann. § 50-6-201, provides in pertinent part:

4

> Every injured employee or such injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury . . . and no compensation shall be payable under the provisions of this chapter unless such written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

In order to satisfy Tenn. Code Ann. § 50-6-201, the notice must reasonably convey to the employer that the employee has suffered an injury arising out of and in the course of the employment. Masters v. Industrial Garments Mfg. Co., 595 S.W.2d 811, 816 (Tenn. 1980). The notice requirement exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee. Puckett v. N.A.P. Consumer Electronics Corp., 725 S.W.2d 674, 675 (Tenn. 1987). In the absence of actual knowledge of the injury by the employer, waiver of the notice by the employer, or reasonable excuse by the employee for not giving notice, the statutory notice to the employer is an absolute prerequisite to the right of the employee to recover benefits. Aetna Cas. & Sur. Co. v. Long, 569 S.W.2d 444, 449 (Tenn. 1978). The plaintiff has the burden of proving that the required notice was given or excused. Id. at 448.

In this case, the employee testified that he never told the employer that his back problem was work-related. He claimed that he did not realize he had a work-related injury until May 1993 when he was so informed by a doctor. (This doctor did not testify and none of his records were introduced). It defies logic for the employee to contend that he did not know he had a work-related injury until seven months **after** he filed a complaint alleging that he had in fact suffered a work-related injury and was entitled to workers' compensation benefits for that injury. Furthermore, the employee's contention that he did not know that he had a work-related injury until May 1993 directly contradicts the specific assertion made in his

5

complaint that notice of the injury was given to the employer on or about June 10, 1992. Obviously, the employer could not have received notice of a work-related injury on or about June 10, 1992 if the employee himself did not have notice of the work-related nature of his condition until some eleven months later.

The employee also claims, and the Panel found, that Dr. Winston's letters, which were received by the employer, constituted adequate notice of his injury. The first letter, dated June 9, 1992, stated that "[Franklin Jones] is currently under my care. Due to the status of his medical condition it is my professional opinion that Mr. Jones be seated while performing his duties." The second letter, dated July 14, 1992, stated that "[Franklin Jones] is presently under my care. Due to his back condition Mr. Jones will require a stool for sitting while performing his duties." The employee's contention that these letters constituted notice is inconsistent with his testimony that he himself did not know of the work-related nature of his back injury until May 1993. We again note that the employer could not have received notice of the injury -- through the letters or otherwise -- if the employee himself did not have notice of the work-related nature of his condition until eleven months after the letters were written and given to the employer. Moreover, the letters do not purport, even in general terms, to establish any connection between the employee's medical condition and his work. The letters merely advised the employer that it was preferable that the employee be seated while doing his job and nothing more. Given that the employee had a long history of back problems extending to the 1970's, the fact that he was seeing a physician and was requesting to use a stool while working in no way placed the employer on notice that the employee was claiming a work-related injury. In fact, the employee testified at trial that he did not intend for the letters to serve as notice of a work-related injury.[2] The chancellor, viewing the letters in light of the employee's live testimony on the subject, held that the letters failed to constitute adequate notice of a work-related injury. We agree.

---

[2] The employee even argued before the chancellor that he did not give notice "because he'd been fired." We have found no authority, and none has been cited to us, for the proposition that a termination from employment relieves the employee of the statutory notice requirement.

6

Having carefully reviewed the record, mindful of the fact that issues of credibility in weight of oral testimony are involved in this case, we are satisfied that the evidence does not preponderate against the trial court's dismissal of the case for failure to satisfy the notice requirement of Tenn. Code Ann. § 50-6-201. The employer did not have actual notice of the injury and did not receive notice until the complaint was filed on October 23, 1992, at least four months after the fact. Even at that we are left with the employee's testimony that he did not know of the work-related nature of his back injury until approximately eleven months after he contends the employer had notice of the work-related nature of his back condition and seven months after he filed a complaint seeking benefits. It is apparent that the chancellor considered the conflicting versions given by the employee as to how and when notice was given in concluding that notice was untimely. We conclude, as the chancellor did, that the employee did not give notice of his injury to the employer within the 30 days required by Tenn. Code Ann. § 50-6-201. Also, the employee has failed to show a reasonable excuse for his failure to give notice within the prescribed time. It follows that the findings and conclusions of the Special Workers' Compensation Appeals Panel are rejected and the judgment of the trial court is reinstated.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are taxed against the employee.

                                          _____
                                          Frank F. Drowota, III, Justice

Concur:

Anderson, C.J.; Holder, J.; Tomlin, J.;

Reid, J. and Birch, J., not participating.