FILED

August 30, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 3:40 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **TERRY G. COLLINS,** | ) | **Docket No. 2016-07-0129** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CHAMPION HOME BUILDERS,** | ) | **State File No. 79000-2015** |
| **Employer,** | ) | |
| **and** | ) | |
| **INSURANCE COMPANY OF THE** | ) | **Judge Allen Phillips** |
| **STATE OF PENNSYLVANIA,** | ) | |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER DENYING CHAMPION'S MOTION FOR SUMMARY JUDGMENT

---

This matter came before the undersigned Workers' Compensation Judge on August 22, 2017, on Champion's Motion for Summary Judgment. For the following reasons, the Court denies Champion's motion.

### Facts[1]

Mr. Collins worked for Champion from 2009 until July 2015 in a production job that required using nail guns. In November 2014, he felt "tingling sensations" in his wrists that prompted evaluation from a general practice physician who diagnosed carpal tunnel syndrome (CTS). Though the parties agreed this was the first time a physician diagnosed CTS, Mr. Collins pointed out the physician did not tell him the condition was work-related.

In February 2015, Mr. Collins suffered continued symptoms in his wrists and sought care from Dr. John Brophy, a neurosurgeon, who recommended a nerve test. The test confirmed Mr. Collins had "severe" bilateral CTS. However, for purposes of this

---

[1] The Court took the relevant facts from the parties' statements of undisputed facts, Champion's replies to Mr. Collins' statements, and documents in the Clerk's file.

motion, the parties agreed Dr. Brophy did not tell Mr. Collins it was related to the work at Champion.

On July 1, 2015, Mr. Collins' wrist problems worsened, and he sought medical treatment with Dr. Blake Chandler, an orthopedic surgeon, who recommended carpal tunnel surgery. At that point, Mr. Collins spoke with Alicia Dickson, Champion's Human Resources Manager, regarding medical leave. With Ms. Dickson's assistance, Mr. Collins applied for Short Term Disability (STD) benefits. In his application, Mr. Collins did not indicate his carpal tunnel was work-related. However, he contended Ms. Dickson not only told him to file the STD claim but she also completed a significant part of the application and never asked if his condition were work-related. Ms. Dickson asserted she "would not have . . . suggested [STD benefits to Mr. Collins] if [she] had any indication whatsoever that there was evidence of a potential work related injury."

Dr. Chandler did not relate Mr. Collins' carpal tunnel to the work at Champion in the "Attending Physician's Statement" section of the STD application. However, in a note dated September 2, Dr. Chandler stated:

> Patient has continuously worked in construction with nail guns and vibratory tools for about 25 years, 6 years of that at Champion Homes. . . . Now he is questioning whether or not this is work related. In my opinion, the many years of working construction, using all these different tools, has caused his carpal tunnel syndrome.

Mr. Collins contended this is the first time any physician told him his work at Champion caused his carpal tunnel syndrome. Accordingly, Mr. Collins' attorney sent a letter to Champion dated September 3 advising that he represented Mr. Collins in a claim for a "gradually occurring [injury] prior to June 2015."

On September 28, Mr. Collins filed a claim for *Long* Term Disability (LTD) and included as reasons for his disability an ankle injury and the carpal tunnel condition. The person completing the forms noted the condition causing Mr. Collins' disability occurred in 2010 (when he fell from a platform) and that Mr. Collins intended to file a workers' compensation claim for that 2010 injury. Champion contended the physician's portion of the LTD application indicated Dr. Chandler reasserted his initial opinion that the carpal tunnel was not work-related.

On September 29, Ms. Dickson completed a First Report of Work Injury (FROI) that listed "how the injury occurred" as "treatment for carpal tunnel syndrome." She noted the date of injury was "07/01/2015" and that Mr. Collins' disability began at that time. She noted "07/06/2015" was the date Champion was "notified of [the] injury" and that date was also the "last day" Mr. Collins worked for Champion. She asserted by affidavit that she took the information from the STD applications because the attorney

2

letter provided no specific information regarding the "nature, date, or any other facts surrounding the alleged injury."

## Procedural History

On February 25, 2016, Mr. Collins filed a Petition for Benefit Determination (PBD) requesting medical benefits for "bilateral carpal tunnel syndrome." The mediating specialist filed a Dispute Certification Notice (DCN) on March 31 listing disputed issues of compensability and medical benefits. Champion asserted defenses of notice, causation, and offset of STD benefits against any temporary disability award.

On July 5, the Court entered an Initial Hearing Order that listed the "contested issues" as compensability, notice, entitlement to temporary disability, and the nature and extent of permanent disability. The order also set a medical proof deadline and a Compensation Hearing.

Mr. Collins filed multiple requests for continuances of the medical deposition deadline and Compensation Hearing because of difficulties in scheduling Dr. Chandler's deposition. His most recent request came after Champion filed the summary judgment motion, and the Court reserved ruling until the motion's resolution.

## Champion's Position

Champion contended both Mr. Collins and Dr. Chandler "affirmatively represented" on the STD application that the carpal tunnel condition was not work-related. Further, it argued Dr. Chandler's September 2 opinion fails to meet the definition of injury required by Tennessee Code Annotated section 50-6-102(14). Specifically, Dr. Chandler's opinion was an "off the cuff statement" that Mr. Collins "misconstrues" as a definitive causation opinion. Because this sole causation statement was insufficient, Mr. Collins has not shown adequate proof of causation to survive summary judgment.

As for notice, Champion contended counsel's letter of September 3 was "defective" because it did not mention "what injury was being claimed as compensable, or the facts surrounding that injury." Moreover, subsequent to September 3, Dr. Chandler asserted in STD forms for continuing benefits that the CTS was not work-related. These deficiencies and inconsistencies frustrated Champion's ability to investigate Mr. Collins' claim and provide him with timely medical care. Throughout the relevant periods, Champion understood Mr. Collins was receiving treatment for non-work-related injuries.

Finally, Champion contended Mr. Collins was precluded from seeking permanent partial disability benefits (PPD) because he did not mark them as an issue on his first PBD and the mediating specialist did not include PPD on the DCN. Further, his failure to

request PPD is not amenable to Court amendment because the request does not meet the statutory requirements for amendments.

## Mr. Collins' Position

As for causation, Mr. Collins contended Dr. Chandler related his carpal tunnel condition to his many years of working at Champion. However, even if Champion contested this fact, the parties have yet to depose Dr. Chandler and there is a genuine issue of fact at this stage.

As to notice, Mr. Collins contended he first learned his CTS was related to his work at Champion when Dr. Chandler told him it was on September 2, 2015. His attorney then advised Champion that he was making a claim for the gradually occurring injury. He was not required under law to claim a gradual injury until he became aware that it might be work-related. Further, Champion knew he was seeking medical treatment for his injuries and his notice in September did not prejudice Champion from conducting an investigation. Moreover, Ms. Dickson completed a FROI within thirty days of his attorney's letter.

Finally, Mr. Collins contended he marked medical benefits on his first PBD because he needed further medical care at that time. He filed a second PBD in December 2016 requesting permanent benefits.

## Analysis

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2016); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the moving party is successful in meeting this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

4

Here, Champion argued that it was entitled to a judgment as a matter of law because there are no genuine issues of material fact on three points: notice, causation, and the absence of a claim for PPD in the DCN. The Court will address each in turn.

*Notice*

Tennessee Code Annotated section 50-6-201(b) provides that, for injuries resulting from gradually occurring events, an employee must provide notice within thirty days[2] after he:

> (1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or
> (2) Is rendered unable to continue to perform the employee's normal work activities as the result of the work-related injury and the employee knows or reasonably should know that the injury was caused by work-related activities.

The notice requirement "exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Jones v. Sterling Last Corp.*, 962 S.W.2d 469, 471 (Tenn. 1998).

Here, Mr. Collins' CTS is a gradually occurring injury resulting from, according to Dr. Chandler, his "many years of working construction." Thus, he was required to provide notice to Champion in accord with section 50-6-201(b). The Court finds Mr. Collins came forward with sufficient evidence that he provided notice to Champion in accord with section 50-6-201(b) when his attorney wrote Champion within thirty days of Dr. Chandler's September 2 causation opinion and by Champion's completion of a FROI on September 29.

Beyond the provision of notice, the Court must also consider whether it was sufficient. Tennessee Code Annotated section 50-6-20(a)(2) provides that notice to the employer must state "in plain and simple language, the name and address of the employee and the time, place, nature, and cause of the accident resulting in injury[.]" Here, Champion contended counsel's letter of September 3 did not adequately convey this information because it did not list a "specific injury." The Court disagrees. The letter stated Mr. Collins suffered a "gradually occurring injury prior to June 2015." This is in line with Dr. Chandler's opinion. For purposes of summary judgment, Mr. Collins came

---

[2] The Legislature later reduced the time limitation to fifteen days, but the thirty-day period is applicable to Mr. Collins' date of injury.

forward with sufficient evidence to show a genuine issue of material fact regarding the sufficiency of his notice to Champion.

Finally, Champion contended Mr. Collins prejudiced its right to investigate his claim by providing insufficient notice. On this point, Champion "has the burden of proving the extent of any prejudice resulting from [Mr. Collins' allegedly] defective notice." "Whether or not the excuse offered by an injured worker for failure to give timely notice is sufficient depends on the particular facts and circumstances of each case." *Simmons v. RHA/Trenton, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 10, at *8 (Feb. 1, 2017). The Court has found Mr. Collins reported an alleged injury the day after Dr. Chandler told him it was work-related and that Champion completed a FROI within thirty days of that date. Thus, the Court finds a genuine issue of material fact exists as to whether Champion suffered any prejudice by Mr. Collins' September 3 notice.

*Causation*

Champion next contended there was no genuine issue of material fact on causation. The Court disagrees.

Champion referred to Dr. Chandler's September 2 causation opinion as an "off the cuff statement" that did not meet the standard of proof required by Tennessee Code Annotated section 50-6-102(14). However, causation opinions need not contain the "particular words or phrases included in the statutory definition of 'injury' to establish the requisite medical proof to succeed at trial." Instead, a party must present "sufficient proof from which the trial court can conclude that the statutory requirements [to prove an] injury . . . are satisfied." *Panzarella v. Amazon.com, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017). Here, Dr. Chandler's statement is sufficient to create a genuine issue of material fact for a trial on the merits regarding causation.

*Issues included on DCN*

Tennessee Code Annotated section 50-6-239(b)(1) provides that, "[u]nless permission has been granted by the assigned workers' compensation judge, only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented . . . for adjudication." A judge might allow presentation of issues not included in a DCN by finding the party did not have, and could not have had, knowledge of the issue before issuance of the DCN, and that prohibiting presentation of the issue would result in substantial injustice to the party. *Id.* at (b)(2).

Here, Champion contended that Mr. Collins "neither requested permanent disability benefits in his [PBD] nor did he seek to include permanent disability benefits in the DCN as an issue to be heard by this Court." Mr. Collins countered that he requested medical benefits in his February 2016 PBD because he needed continued medical care

6

but noted he filed a second PBD in December 2016 requesting post-discovery ADR that included a claim for permanent disability.

The Court finds Champion's argument without merit. The Court and the parties participated in an Initial Hearing in July 2016 and noted permanent disability was a contested issue. Further, Champion participated in scheduling medical proof where it might address the issue. Moreover, at the time the mediating specialist issued the DCN, Mr. Collins had not completed treatment with Dr. Chandler and could not have known of any permanent disability. Finally, the parties have yet to complete the medical proof and are not ready to proceed to post-discovery ADR when the issue of permanent disability might be resolved.

The Court finds the record as a whole indicates Champion was "fairly put on notice" that Mr. Collins is seeking permanent benefits and it is not prevented from presenting proof on this issue going forward. *See Marzette v. Pat Salmon and Sons, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 29, at *15 (Sep. 18, 2015)(Appeals Board rejected an employer's argument that the court should exclude proof regarding a specific benefit when the parties' acknowledged the issue at a hearing). Thus, the Court holds Champion has not demonstrated the absence of a genuine issue of material fact because PPD benefits are absent from the DCN.

## Conclusion

The Court finds genuine issues of material fact on all issues presented and holds summary judgment is improper at this time. Thus, the Court denies Champion's motion.

The Court orders the case stand for a Status Hearing on **Thursday, September 21, 2017, at 11:00 a.m. Central Time** at which time the parties and the Court will discuss the resetting of medical proof deadlines and the Compensation Hearing. **The parties must call 731-422-5263 or toll-free at 855-543-5038 to participate in the hearing.**

**IT IS SO ORDERED.**

**ENTERED this the 30th day of August, 2017.**

**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Denying Champion's Motion for Summary Judgment was sent to the following recipients by the following methods of service on this the 30th day of August, 2017.

| Name | Via Email | Service sent to: |
| --- | --- | --- |
| T. Verner Smith, Esq., Employee's Attorney | X | verner@vernersmith.com<br>gayle@vernersmith.com |
| Jordan Puryear, Esq., Employer's Attorney | X | jordan.puryear@leitnerfirm.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov