

**FILED**
**Jun 27, 2022**
**11:19 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carla Scruggs | ) | Docket Nos.   2021-08-0875 |
| | ) | 2021-08-0876 |
| v. | ) | |
| | ) | State File Nos. 39617-2021 |
| Amazon.com Services, LLC, et al. | ) | 800483-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee alleged she injured her left knee at work but did not report the incident to her employer at that time. Instead, she finished her shift and self-treated her knee at home. The employee continued working her regular shifts and requested no medical treatment from the employer until approximately three weeks later, when she slipped and allegedly injured her left knee again. The employee then reported both incidents to the employer. After initially providing a panel of physicians and authorizing treatment, the employer declined to provide ongoing benefits for either injury because the employee failed to provide timely notice of the first accident. The employee filed a petition for benefits and later filed two hearing requests, one for each claim. After the cases were consolidated, the employer filed a motion for summary judgment. Following a hearing, the trial court issued an order denying the employer's motion for summary judgment and a separate order for continued medical treatment with the authorized physician for any left knee condition found to arise primarily out of her employment. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's denial of the employer's motion for summary judgment and affirm the trial court's order for medical treatment. Further, we deem the employer's appeal frivolous, and we remand the case for a determination of reasonable attorneys' fees and costs arising from the frivolous appeal.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

W. Troy Hart and Colleen M. Morris, Knoxville, Tennessee, for the employer-appellant, Amazon.com Services, LLC

Jonathan L. May, Memphis, Tennessee, for the employee-appellee, Carla Scruggs

## Factual and Procedural Background

On April 9, 2021, Carla Scruggs ("Employee") allegedly injured her left knee when she lifted a tote while working for Amazon.com Services, LLC ("Employer"). Employee did not immediately report the injury to Employer or seek medical treatment. Rather, she finished her shift and went home where she took over-the-counter medications and used ice and heat to manage her pain. Employee continued to work her scheduled shifts until April 30, when she slipped in liquid at work and allegedly injured the same knee. Employee reported the April 9 and April 30 incidents to Employer on April 30 and was initially seen at AmCare, Employer's on-site medical clinic, where she was given ibuprofen, ice, and a wrap for her knee. Employer later provided a panel of physicians from which Employee selected Dr. Frederick Wolf as her authorized physician.

Dr. Wolf first evaluated Employee on May 5 and noted she was having difficulty with her left knee. Medical records reflect Employee reported symptoms that "began as a result of an injury at work on 04/9/2021." Employee described "pulling totes on the line [and], as she pivoted she felt a pop in her left knee and has had difficulty since that time." Dr. Wolf ordered an MRI, obtained x-rays, which revealed no fracture, and placed Employee on light-duty restrictions. On May 17, Employer submitted a Notice of Denial for the April 9, 2021 injury. Employee returned to Dr. Wolf on May 18, with continued pain in her left knee, and Dr. Wolf continued her current prescription medication regimen and light-duty restrictions. Thereafter, an MRI of Employee's left knee was performed that revealed a lateral meniscus tear, and Dr. Wolf recommended surgery. On June 8, Dr. Wolf noted that Employee's claim "was denied a number of weeks ago but we were never informed of this."

Employee filed a petition for benefit determination and, following an unsuccessful mediation, two requests for expedited hearing, one for each date of injury. In response, Employer filed a Motion to Dismiss, which the trial court noted should be treated as a motion for summary judgment and which the trial court denied. The court's order allowed Employer an opportunity to file a motion for summary judgment. The court also consolidated Employee's two claims and set the matter for a hearing. The parties agreed to address both Employee's requests for benefits and the motion for summary judgment Employer anticipated filing at the same hearing. On February 4, 2022, Employer filed a motion for summary judgment. After a March 16, 2022 hearing, the trial court issued an order denying Employer's motion for summary judgment on April 6 and an order awarding medical benefits to Employee on April 7. Employer has appealed both orders.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity

to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

In its notice of appeal and in the statement of the issues in its brief on appeal, Employer identifies four issues for review. However, Employer addresses only two of the issues in the argument section of its brief, which we have restated as follows: (1) whether the trial court erred in finding that Employee is likely to prevail at a hearing on the merits regarding timeliness of notice and/or reasonable excuse for failure to give timely notice; (2) whether the trial court erred in determining Employer was not prejudiced by the late notice of Employee's April 9, 2021 injury. Employer addresses the third issue, i.e., whether the trial court erred in ordering medical benefits, in the conclusion of its brief, asserting it is unnecessary to analyze the issue in more detail given its position on the first two issues.[1]

### *Notice*

Tennessee Code Annotated section 50-6-201(a) provides that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." The statute additionally provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented." Tenn. Code Ann. § 50-6-201(a) (2021). The notice requirement "exists so that the employer will have the opportunity to make a timely

---

[1] Employer failed to address the fourth issue identified in the notice of appeal and its brief, which concerned the trial court's denial of its motion for summary judgment. Accordingly, we treat the issue as having been waived by Employer. *See Moore & Seiferth v. Ingles Markets, Inc.*, No. 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 54, at *4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015). In addition, Employer did not address the April 30 injury in its notice of appeal or its brief on appeal; thus, any issues regarding the order for benefits pertaining to the April 30 date of injury are also waived.

investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Jones v. Sterling Last Corp.*, 962 S.W.2d 469, 471 (Tenn. 1998). However, as we have previously observed, the 2013 Workers' Compensation Reform Act ("Reform Act") amended the notice requirement as follows:

> No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice.

Tenn. Code Ann. § 50-6-201(a)(3). In a recent case addressing this issue, we explained that, to prevail on a notice defense, the employer must demonstrate the existence of "actual prejudice" caused by the employee's giving of late notice. *Hannah v. Senior Citizens Home Assistance Service, Inc.*, No. 2020-03-1093, 2022 TN Wrk. Comp. App. Bd. LEXIS 15, at *16-17 (Tenn. Workers' Comp. App. Bd. Mar. 28, 2022).

Here, Employer contends Employee "injured her left knee and, without reasonable excuse, failed to provide[] Employer with any notice of the event." Further, Employer asserts Employee's admission that she continued to self-treat and "doctor on her knee" after the April 9 incident is, in essence, evidence of the severity of her injury and indicative of a "sudden onset of pain identifiable by a specific event."[2]

Employee concedes she did not provide notice of her alleged April 9 injury until April 30; however, Employee contends she had a reasonable excuse for her failure to provide timely notice. Specifically, Employee testified that she did not immediately provide notice of the April 9 work incident because she "attribute[d] it just like I did to any other day, you know, I go home with aches and pains every day. So it's just like days I've reached onto the line and grabbed a tote and it's heavy and it – I have a – I hurt my neck, so I mean, it's like I'm going home and I'm going to take care of it. That's what I always do." Employee also noted she was able to finish her April 9 shift and was able to continue working her scheduled shifts until the April 30 work incident.

With regard to the April 30 incident, Employee testified that she felt her knee pop and had to go to the break room because she needed to sit down. When asked how she ended up at Employer's onsite medical facility that day, Employee responded:

---

[2] In support of its contention that the trial court erred in finding Employee's excuse reasonable, Employer relied on three factors outlined in *Gluck Bros., Inc. v. Pollard*, 426 S.W.2d 763 (Tenn. 1968). However, as Employee emphasized in her brief on appeal, these factors were utilized in cases decided prior to the passage of the Reform Act. The proper analysis to determine the reasonableness of an employee's excuse for late notice of an injury is dictated by the current version of Tennessee Code Annotated section 50-6-201, which requires a different analysis than pre-reform law.

4

I went and sat for a minute, but like, when it happened, I knew something wasn't right. I just did not feel – it wasn't normal, so I went and sat and I – as I was sitting, I could feel the swelling, [my knee] started to throb and it was, like, okay. I need to do something. I have to go and get some help because this isn't something I can help, so I went to Am[C]are.

Employee testified that the pain she felt following the April 30 work incident was different than her previous symptoms. After considering the facts and testimony of Employee, the trial court concluded Employee had a reasonable excuse for her failure to provide timely notice of the first accident. Our review of the record supports the trial court's determination.

### *Prejudice Resulting From Late Notice*

Employer next contends that "Employee's failure to provide notice, in and of itself, is a clear prejudice to Employer." However, Employer cites nothing to support this statement. In fact, if Employer's argument were taken to its logical conclusion, every incident of late notice would, *per se*, constitute prejudice, and the provisions of Tennessee Code Annotated section 50-6-201(a)(3) would be rendered superfluous. The legislature has expressed its intent that a trial court consider the reasons for late notice, consider whether the late notice resulted in prejudice to the employer under the circumstances of that particular case, and fashion an appropriate remedy if one is needed. In contrast to the clear meaning of subsection 201(a)(3), Employer's argument would make such an analysis unnecessary.

In the present case, Employee reported the April 9 incident six days after the fifteen-day time period specified in subsection 201(a)(1) lapsed. In addition, as the trial court noted, "[Employer] presented no evidence of any actual prejudice to its ability to defend this claim" and "while [Employer] generally claimed late notice prejudiced its ability to investigate claims, it failed to provide specifics." We agree. Thus, we conclude the evidence does not preponderate against the trial court's determination that Employer failed to demonstrate actual prejudice as required by section 50-6-201(a)(3).

### *Order for Medical Benefits*

At an expedited hearing, "an employee need not prove every element of his or her claim by a preponderance of the evidence to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Work. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We have described an employee's burden of proof in an expedited hearing as a "lesser evidentiary standard" than the burden imposed

at trial. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Employer asserts the trial court erred by "awarding . . . workers' compensation benefits to an Employee who knowingly, willfully, and intentionally refused to provide notice of a work injury[] that required medical attention[] for 22 consecutive days [and] that kept [Employee] in constant pain," contending it "rewards the bad actions of [Employee]."[3] The only medical proof introduced at the expedited hearing was Dr. Wolf's records. Although Dr. Wolf did not provide an explicit causation opinion, the court noted that he was Employee's authorized physician, and it determined that his medical records "do suggest that [Employee's] need for medical treatment arose from an incident at work."

We note that, because Dr. Wolf was selected from Employer's panel, any treatment he recommended is "presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H). Thus, the burden was on Employer to establish that treatment recommended by Dr. Wolf was not medically necessary for treatment of the injured worker. Here, the court emphasized there was no dispute that the April 9 incident occurred at work, and the only defense Employer put forth regarding the April 9 injury was a lack of notice. Consequently, the court determined Employee was likely to prevail at a hearing on the merits with regard to her claim for continued medical treatment with Dr. Wolf. The court tailored its order to encompass continued medical treatment with Dr. Wolf "for any condition found to arise primarily out of [Employee's] employment" but did not order the requested meniscal surgery since "issues over the precise cause of the meniscal tear still loom." Under the circumstances presented in this case, we discern no error in the trial court's determination.

*Frivolous Appeal*

Finally, Employee contends Employer's appeal is frivolous and requests costs and attorneys' fees arising from the frivolous appeal. Specifically, Employee asserts, in part, that "there was no legitimate factual or legal issue that would suggest a reasonable chance of success for [Employer] on appeal." Employee asserts Employer "took no meaningful steps in the discovery phase of this cause beyond issuance of standard written discovery . . ., took no fact witness depositions, nor did it take the deposition of [Employee]. [Employer] took no expert medical depositions . . . [and] did not even ask the Authorized Treating Physician to complete one of its customary causation questionnaires before showing up on appeal to make empty arguments about what such medical opinions

---

[3] Employer has provided no proof that Employee "knowingly, willfully, and intentionally refused" to provide notice of an injury. Rather, the proof adduced at the expedited hearing was that Employee believed the April 9 incident resulted in nothing more than the usual aches and pains she experiences as a part of her daily work life and that it was only after the April 30 incident that she believed she had suffered a work-related injury necessitating medical treatment. As stated above, Employer did not address the alleged April 30 injury or the denial of that injury in its brief.

6

might mean for the case." Employee further points to the fact that Employer failed to put on any proof outside the cross-examination of Employee, and "did not even touch upon summary judgment in its appeal, other than to include it on the Notice of Appeal and list it in the 'Statement of Issues' in its brief."[4]

As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). We agree that Employer presented no credible argument on appeal and that it had no realistic chance of success on appeal. Thus, we conclude Employer's appeal is devoid of merit and is frivolous, and Employee is entitled to recover reasonable attorneys' fees and costs associated with the frivolous appeal, the amount of which shall be determined by the trial court on remand.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order denying Employer's motion for summary judgment and the court's expedited hearing order requiring Employer to provide additional medical care. Further, we deem Employer's appeal frivolous and remand the case to the trial court for a determination of attorneys' fees and costs to be awarded to Employee.

---

[4] As noted in footnote 1 above, Employer identified the trial court's denial of its motion for summary judgment as an issue in its notice of appeal and in its statement of the issues on appeal, but it failed to offer any substantive argument addressing this issue in its brief. Moreover, as noted above, Employer did not address its denial of the April 30 incident in its brief or offer any substantive argument as to how the compensability of the April 30 incident is linked to its denial of the April 9 incident. It offered no medical evidence to suggest that the two incidents were related or that the second incident represented an exacerbation or re-injury.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carla Scruggs ) | Docket Nos. 2021-08-0875 |
| ) | 2021-08-0876 |
| v. ) | |
| ) | State File Nos. 39617-2021 |
| Amazon.com Services, LLC, et al. ) | 800483-2021 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Deana C. Seymour, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of June, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jonathan L. May | | | | X | jmay@forthepeople.com |
| W. Troy Hart | | | | X | wth@mijs.com cmmorris@mijs.com cjstatham@mijs.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov